# EXHIBIT 5

# SETTLEMENT AGREEMENT
## BETWEEN TELE-GUIA AND LIBERTY

## I. **Definitions.**

Liberty Cablevision of Puerto Rico, Inc., a Delaware corporation having office in Luquillo, Puerto Rico, ("Liberty") and Tele-Guia Talking Yellow Pages, Inc., a Puerto Rico corporation having offices in Hato Rey, Puerto Rico (hereinafter defined as "Tele-Guia") agree as follows:

1. Definitions

1.1     The "Lawsuit" means the civil action styled Tele-Guia Talking Yellow Pages, Inc. v. Adelphia De Puerto Rico and/or Adelphia Communications Corp.; Liberty Cablevision Of Puerto Rico, Inc.; Centennial Puerto Rico Cable TV Corp.; Centennial Puerto Rico Cable TV Corp. II; (collectively referred to as Centennial); Digital TV One-WHTV; Broadcasting; XYX Corporations; John Doe Insurance Company; Richard Doe Insurance Company; in the United States District Court of Puerto Rico; Civil Action No. 02-1484 (RLA).

1.2     "Tele-Guia" means Tele-Guia Talking Yellow Pages, Inc., as well as its officers, directors, principals, assigns, parents, subsidiaries and any other entities controlling or controlled by Tele-Guia Talking Yellow Pages, Inc., and Jose E. Herrero Garcia and Carlos R. Jiménez Rodriguez.

1.3     The "Patents" mean U.S. Patent Nos. 5,187,735 and 5,479,491.

1.4     As used in this Settlement agreement, "Related Patent Applications" means

a. any patent application made by or in the name of Tele-Guia that claims foreign or national priority, directly or indirectly, to the applications that issued as the Patents; and

b. any application made by or in the name of Tele-Guia that claims foreign or national priority, directly or indirectly, to an application from which the applications that issued as the Patents claims foreign or national priority, directly or indirectly.

1.5     As used in this Settlement Agreement, "Related Patents" issued in the name of

Tele-Guia means any patent that issued from a Related Patent Application.

1.6    As used in this Settlement agreement, "Related Patent Rights" means any legal rights arising from a Related Patent or a Related Patent Application.

1.7    "Liberty" means "Liberty Cablevision Of Puerto Rico, Inc. ", its insurers, its Successors-in-Interest, their customers, or suppliers, but as to suppliers only to the extent such suppliers have supplied products and/or services, other than those related to Liberty's Pay Per View system, to Liberty or its Successors-in-Interest, and/or assign as well as its officers, directors, principals, assigns, parents, subsidiaries and any other entities controlling, controlled by an entity controlling, or controlled by Liberty Cablevision of Puerto Rico, Inc.

1.8    As used in this Settlement Agreement, "Successors-in-Interest" means any person(s), corporation(s), partnership(s) and/or other legal entity (ies) of any kind that may follow, ensue, come about or result from Liberty's future transformation, including those resulting from mergers, acquisitions and/or other types of association with third parties which had not infringed upon the Patents prior to said joining. At no time or place within this Settlement Agreement the term "Successors-in-Interest" will be understood as encompassing person(s), corporation(s), partnership(s) and/or other legal entity (ies) attempting to benefit from this agreement (by releasing and/or avoiding liability stemming from their own prior infringement(s) to the Patents) as a result of their joining Liberty in any mergers, acquisitions and/or other types of association

## II. Representations and Warranties

2.1    Tele-Guia represents and warrants that it (1) owns the Patents and Related Patent Rights, (2) has the right to fully release Liberty for any alleged past infringement of the Patents and Related Patent Rights, and (3) has the right to grant licenses to other parties including Liberty under the Patents and Related Patent Rights.

2.2    Tele-Guia represents and warrants that, as a result of the license granted in

2

paragraph 3.5 of this Settlement Agreement no other party, including but not limited to Micron Technology, Inc. and/or Carlos R. Jiménez Rodríguez, (1) has any claim or any interest in any claim against Liberty relating to the Patents or any other Related Patents, Related Patent applications or Related Patent Rights, or (2) has the right to any remedies associated with the Patents for past, present or future violation of either of the Patents or any other Related Patents, Related Patent Applications or Related Patent Rights by Liberty.

## III. Release and Settlement

3.1    Tele-Guia releases Liberty from any and all claims, actions, and damages which were alleged or which could have been alleged in the Lawsuit, as well as any and all claims, actions and damages arising from any alleged past or future infringement of the Patents and Related Patent Rights. This release is limited to and for the benefit of only Liberty.

3.2    Liberty releases Tele-Guia, its insurers, any person(s), corporation(s), partnership(s) and/or other legal entity(ies) of any kind that may follow, ensue, come about or result from Tele-Guia's future transformation, including those resulting from mergers, acquisitions and/or other types of association with third parties, their customers, or suppliers from all claims, actions, and damages which were alleged or which could have been alleged in the Lawsuit.

3.3    Promptly after execution of this Settlement Agreement, Tele-Guia and Liberty, through their attorneys, shall file a stipulation of dismissal with prejudice in the Lawsuit substantially in the form of Attachment A to this Settlement Agreement.

3.4    Tele-Guia agrees to defend Liberty, and to indemnify Liberty against any damages, costs, or expenses, including legal fees, relating to any claim or action, not including the Lawsuit, concerning past, present or future infringement or violation of either or both of the Patents or any of the Related Patent Rights, which may be brought by any other party, including but not limited to Micron Technology, Inc and/or Carlos R. Jiménez Rodríguez. In the event it is determined that Micron Technology, Inc. and/or Carlos R. Jiménez has an interest in the Patents

3

**PATENT**
**REEL: 014097 FRAME: 0004**

as defined herein, Tele-Guía hereby holds harmless Liberty for any claim that may be instated by Micron Technology and/or Carlos R. Jiménez Rodríguez related to the patent as herein defined or to a variant of the patent.

3.5    Tele-Guia covenants not to sue Liberty for any past, present or future infringement or violation of the Patents or any other Related Patents, Related Patent Applications or Related Patent Rights and Tele-Guia grants to Liberty a perpetual, royalty-free, nonexclusive license to practice the full scope of the Patents and the full scope of any other Related Patents, Related Patent Applications or Related Patent Rights.

## IV. Payment



4.1    Liberty, through its insurer, shall pay Tele-Guia One Hundred Twenty Thousand Dollars ($120,000). The parties agree that the payment is not in any way an admission of liability or an admission of any royalty or royalty rate applicable to any alleged infringement of the Patents or Related Patent Rights. The parties agree to this sum solely to settle the dispute concerning the Lawsuit.

Within fifteen (15) days of the filing of a stipulated dismissal in accord with this Settlement Agreement, Liberty shall pay Tele-Guia the aforesaid sum by means of a check issued by the insurer.

## V. Miscellaneous

5.1    If any provision of this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable by any court of competent jurisdiction, the portion of this Settlement Agreement so held shall be deemed separate, distinct and independent, and any unrelated portions of this Settlement Agreement shall remain in full force and effect, and shall not be affected by such holding or adjudication.

5.2    This Settlement Agreement contains the entire agreement among the parties with respect to the subject described herein and supersedes all prior agreements and understandings, oral or written, express or implied, among the parties with regard to the subject matter and shall

4

not be amended, supplemented or modified except in a writing signed by all parties. The parties warrant that the facts that give rise to the referenced complaint have not been claimed, alleged or averred against any other insurance company and payment has not been received as a result thereof.

5.3    Nothing contained in this settlement agreement shall be construed as an admission by either party with respect to contentions raised in the Lawsuit, including but not limited to Liberty's contention that no activities undertaken or contemplated by it constitute activities covered by the claims of the Patents or any Related Patent Right.

5.4    This Agreement shall be construed in accordance with the laws of Puerto Rico without reference to conflict of laws principles. Any litigation between the parties concerning this Agreement shall take place in the United States District Court for the District of Puerto Rico, and Tele-Guia and Liberty agree that such Court has jurisdiction over them.

5.5    This Agreement is effective as of the last date indicated below.


Liberty Cablevision of Puerto Rico, Inc.        Tele-Guia Talking Yellow Pages, Inc.


Print Name: José Alegría        Print Name: José Herrero

Title:    GENERAL MANAGER        Title: President

Date:    5·14·03        Date:    5-12-03


José E. Herrero García


Date:    5-12-03        Date:

RECORDED: 05/27/2003

**PATENT
REEL: 014097 FRAME: 0006**