UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELE-GUIA TALKING YELLOW PAGES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CABLEVISION SYSTEMS CORPORATION,<br><br>Defendant. | Case No. 1:07-cv-3948-DLC<br><br>Jury Trial Demanded<br><br>ECF Case |

**CABLEVISION SYSTEMS CORPORATION'S ANSWER
TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

For its Answer to the Complaint of Plaintiff Tele-Guia Talking Yellow Pages, Inc. ("Tele-Guia"), Defendant Cablevision Systems Corp. ("CSC"), upon knowledge as to its own acts and upon information and belief as to the acts of others, by and through its undersigned attorneys, responds to each of the numbered paragraphs of the Complaint by denying each and every allegation in the Complaint that is not specifically admitted herein.

**NATURE OF ACTION**

1.      CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 1 of the Complaint and therefore denies them.

**JURISDICTION AND VENUE**

2.      CSC denies that this Court has original jurisdiction of this action pursuant to 15 U.S.C. § 1121.  CSC admits that 28 U.S.C. § 1331 grants this Court original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.  CSC further admits that 28 U.S.C. § 1338 grants this Court original jurisdiction over civil actions for patent infringement.  CSC also admits that 35 U.S.C. § 281 provides that patentees shall have remedy

by civil action for infringement.  CSC denies the remaining allegations of Paragraphs 2 of the Complaint.

3.  CSC admits that it has conducted and does conduct business in the State of New York and this judicial district.  CSC denies the remaining allegations of Paragraph 3 of the Complaint.

4.  CSC admits that venue is proper in this district for purposes of this action.  CSC denies the remaining allegations of Paragraph 4 of the Complaint.

## THE PARTIES

5.  CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 5 of the Complaint and therefore denies them.

6.  Admitted.

## GENERAL ALLEGATIONS

7.  CSC admits that on its face U.S. Patent No. 5,187,735 (the "'735 patent") bears a filing date of May 1, 1990 and an issue date of February 16, 1993.  CSC further admits that on its face U.S. Patent No. 5,749,491 (the "'491 patent") bears a filing date of December 16, 1994 and an issue date of December 26, 1995.  CSC further admits that on their faces both the '735 Patent and the '491 Patent (collectively the "patents-in-suit") appear to be entitled "Integrated Voice Mail Based Voice and Information Processing System."  CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.  CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 8 of the Complaint and therefore denies them.

9.  CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 9 of the Complaint and therefore denies them.

10.  Denied.

11. CSC admits that it offers services to its customers. CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the remaining allegations of Paragraph 11 of the Complaint and therefore denies them.

12. CSC admits that it offers subscribers what it refers to as "Pay Per View." CSC further admits that the telephone number 800-885-PPV1 is associated with what CSC refers to as "Pay Per View." CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the remaining allegations of Paragraph 12 of the Complaint and therefore denies them.

13. Denied.

## COUNT I
## PATENT INFRINGEMENT

14. Paragraph 14 of the Complaint realleges the allegations contained in Paragraph 1 – 13 of the Complaint. CSC answers Paragraph 14 in the same manner it answered Paragraphs 1 – 13.

15. CSC admits that on its face the '735 patent bears an issue date of February 16, 1993. CSC further admits that on its face the '491 patent bears an issue date of December 26, 1995. CSC further admits that on their faces both the '735 Patent and the '491 Patent appear to be entitled "Integrated Voice Mail Based Voice and Information Processing System." CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the remaining allegations of Paragraph 15 of the Complaint and therefore denies them.

16. CSC lacks knowledge and information sufficient to form a belief as to the truth and correctness of the allegations of Paragraph 16 of the Complaint and therefore denies them.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT II
## INDUCEMENT TO INFRINGE THE PATENT

24. Paragraph 24 of the Complaint realleges the allegations contained in Paragraph 1 – 23 of the Complaint.  CSC answers Paragraph 14 in the same manner it answered Paragraphs 1 – 23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### NON-INFRINGEMENT

31. CSC incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 30 as though fully set forth herein.

32. CSC has not infringed and does not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE
### INVALIDITY

33. CSC incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 32 as though fully set forth herein.

34. One or more of the claims of each of the patents-in-suit are invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including without

limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### LACHES

35. CSC incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 34 as though fully set forth herein.

36. On its face, the '735 patent bears an issue date of February 16, 1993. On its face, the '491 patent bears an issue date of December 26, 1995.

37. CSC has openly and notoriously offered subscribers the ability to order by phone what it refers to as "Pay Per View" since at least as early as 1987.

38. Upon information and belief, Tele-Guia did not contact CSC regarding CSC's allegedly infringing activities until serving the Complaint on CSC on June 12, 2007, more than 14 years after the issuing of the '735 Patent and more than 11 1/2 years after the issuing of the '491 Patent, during which periods CSC continued to openly and notoriously offer its subscribers "Pay Per View" with the ability to order by phone.

39. Upon information and belief, Tele-Guia knew or should have known of CSC's open and notorious "Pay Per View" offerings and has unreasonably and inexcusably delayed in filing the present suit. This unreasonable and inexcusable delay has resulted in material prejudice to CSC.

40. By reason, *inter alia*, of the foregoing, Tele-Guia's claim is barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### LACK OF STANDING

41. CSC incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 40 as though fully set forth herein.

42. Upon information and belief, Tele-Guia lacks standing to bring this action because it is not the sole owner of at least the '491 Patent.

## PRAYER FOR RELIEF (FOR ANSWER)

CSC denies that Tele-Guia is entitled to any relief, much less the requested relief, and respectfully requests that this Court grant CSC the following relief:

(A)  A judgment denying and dismissing with prejudice all of Tele-Guia's claims;

(B)  A judgment that CSC does not infringe any valid and enforceable claim of any of the patents-in-suit under 35 U.S.C. § 271 or any other applicable Section of Title 35 of the United States Code;

(C)  A judgment that each and every claim of each and every one of the patents-in-suit is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or any other applicable Section of Title 35 of the United States Code;

(D)  A judgment that Tele-Guia's claims are barred by the doctrine of laches;

(E)  A judgment that Tele-Guia is not the sole owner of at least the '491 Patent;

(F)  A finding that, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, this is an exceptional case, including that Tele-Guia failed to conduct an appropriate pre-filing investigation, that merits awarding CSC its costs and expenses, including reasonable attorneys' fees;

(G)  A permanent injunction enjoining Tele-Guia and its affiliates, officers, directors, agents, employees, attorneys and all persons or entities in active concert or participation with them, from suing or threatening to sue, or making any charge against CSC and its affiliates, officers, directors, agents, employees and attorneys, relating to any of the patents-in-suit or any related patents; and

(H)  Any other relief, in law or equity, to which this Court finds CSC justly entitled.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), CSC demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

CSC asserts the following counterclaims against Tele-Guia and alleges as follows:

## PARTIES

1. Cablevision Systems Corporation ("CSC") is a Delaware corporation having its principle place of business at 1111 Stewart Avenue, Bethpage, New York 11714-3581.

2. Tele-Guia Talking Yellow Pages, Inc. ("Tele-Guia") is a Puerto Rico corporation with its principle place of business at Calle K-18 Villa Caparra, Guaynabo, Puerto Rico 00757.

## JURISDICTION AND VENUE

3. This is a counterclaim for declaratory judgment of invalidity and non-infringement of U.S. Patent No. 5,187,735 (the "'735 patent") and U.S. Patent No. 4,749,491 (the "'491 patent") (collectively the "patents-in-suit"). Copies of the '735 Patent and the '491 Patent are attached as Exhibits A and B, respectively.

4. Tele-Guia alleges in the Complaint that it owns all of the rights and interests in the patents-in-suit. CSC denies that it infringes any claim of any of the patents-in-suit. CSC also alleges that all of the claims of each of the patents-in-suit are invalid and unenforceable.

5. As a consequence of the foregoing, there is an actual and justifiable controversy between CSC and Tele-Guia with respect to the non-infringement and invalidity of the patents-in-suit for which CSC requests a declaration by this Court.

6. This Court has personal jurisdiction over Tele-Guia.

7. Venue is proper in this district for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT

8. CSC incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 7 of these Counterclaims as though fully set forth herein.

7

9. CSC has not infringed and does not infringe, either directly, contributorily or by inducement any claim of any one of the patents-in-suit.

## SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY

10. CSC incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

11. One or more of the claims of each of the patents-in-suit are invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

## THIRD COUNTERCLAIM: DECLARATION OF LACHES

12. CSC incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 11 as though fully set forth herein.

13. CSC has openly and notoriously offered subscribers the ability to order by phone what it refers to as "Pay Per View" since at least as early as 1987.

14. Upon information and belief, Tele-Guia did not contact CSC regarding CSC's allegedly infringing activities until serving the Complaint on CSC on June 12, 2007, more than 14 years after the issuing of the '735 Patent and more than 11 1/2 years after the issuing of the '491 Patent, during which periods CSC continued to openly and notoriously offer its subscribers "Pay Per View" with the ability to order by phone.

15. Upon information and belief, Tele-Guia knew or should have known of CSC's open and notorious "Pay Per View" offerings and has unreasonably and inexcusably delayed in filing the present suit. This unreasonable and inexcusable delay has resulted in material prejudice to CSC.

16. By reason, *inter alia*, of the foregoing, Tele-Guia's claims are barred, in whole or in part, by the doctrine of laches.

LIBNY/4606507

## EXCEPTIONAL CASE

17. This case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF (FOR ANSWER)

CSC respectfully requests that this Court grant CSC the following relief:

(A) A declaration that CSC does not infringe any valid and enforceable claim of any of the patents-in-suit under 35 U.S.C. § 271 or any other applicable Section of Title 35 of the United States Code;

(B) A declaration that each and every claim of the patents-in-suit is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or any other applicable Section of Title 35 of the United States Code;

(C) A declaration that Tele-Guia's claims are barred by the doctrines of laches;

(D) A finding that, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, this is an exceptional case, including that Tele-Guia failed to conduct an appropriate pre-filing investigation, that merits awarding CSC its costs and expenses, including reasonable attorneys' fees;

(E) A permanent injunction enjoining Tele-Guia and its affiliates, officers, directors, agents, employees, attorneys and all persons or entities in active concert or participation with them, from suing or threatening to sue, or making any charge against CSC and its affiliates, officers, directors, agents, employees and attorneys, relating to any of the patents-in-suit or any related patents; and

(F) Any other relief, in law or equity, to which this Court finds CSC justly entitled.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), CSC demands a trial by jury on all issues so triable.

Dated:  November 15, 2007

/s/ Benjamin Hershkowitz
Benjamin Hershkowitz (BH 7256)
Michael S. DeVincenzo (MD 2536)
Bradley W. Micsky (BM 9447)
Charles Wizenfeld (CW 2004)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
Tel.: 212.813.8800
Fax: 212.355.3333
bhershkowitz@goodwinprocter.com
mdevincenzo@goodwinprocter.com
bmicsky@goodwinprocter.com
cwizenfeld@goodwinprocter.com

Attorneys for Defendant
Cablevision Systems Corporation

## CERTIFICATE OF SERVICE

      I, Benjamin Hershkowitz, hereby certify that on November 15, 2007, I caused a true and correct copy of *Cablevision Systems Corporation's Answer to Plaintiff's Complaint and Counterclaims* to be served upon:

      Howard Aronson, Esq.
      Robert Golden, Esq.
      Lackenbach Siegel LLP
      One Chase Road
      Scarsdale, NY 10583
      Tel.: 914.723.4300
      Fax: 914.723.4301
      haronson@lsllp.com
      rgolden@lsllp.com

by ECF.

Dated: November 15, 2007

/s/ Benjamin Hershkowitz
Benjamin Hershkowitz (BH 7256)
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022
Tel.: 212.813.8800
Fax: 212.355.3333
E-mail: bhershkowitz@goodwinprocter.com

LIBNY/4606507