**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TELE-GUIA TALKING YELLOW PAGES, INC.

    Plaintiff,

    v.

CABLEVISION SYSTEMS CORPORATION,

    Defendant.

**Case No. 1:07-cv-3948-DLC**

**Jury Trial Demanded**

**ECF Case**

## FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a telephone conference was held on November 15, 2007.  The participants were:

Robert B. Golden for Plaintiff Tele-Guia Talking Yellow Pages, Inc. ("Tele-Guia"); and Benjamin Hershkowitz for Defendant Cablevision Systems Corporation ("CSC").

The following issues were discussed and agreed to by and between the parties in accordance with Rule 26(f) and the Court's October 31, 2007 Notice of Initial Pretrial Conference.

## I.    Discovery Plan

The parties anticipate requiring discovery from each other and third parties to support their claims and/or defenses.  The parties do not believe that discovery beyond the limits established by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York is required except as set forth herein.  The parties do, however, reserve the right to seek leave of Court to modify the limitations on discovery pursuant to the applicable rules, if circumstances so require.

**A.     General Requirements:**

**1.     Changes to timing, form or requirement for disclosures under Rule 26(a).  Fed. R. Civ. P. 26(f)(1).**

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties have agreed to exchange initial disclosures on or before November 30, 2007.

**2.     Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.  Fed. R. Civ. P. 26(f)(2).**

The subjects on which Tele-Guia expects to take discovery include: the operation and construction of the allegedly infringing CSC system, CSC's use of such system; CSC's revenue derived from or related to the use of such system, CSC's costs associate with such system, and CSC's profits derived from the use of such system; the bases for CSC's claims that the patents in suit are invalid, including all prior art known to CSC; and to the extent CSC intends to rely on the advice or opinion of counsel, the advice and opinion of counsel regarding the infringement and/or validity of the patents in suit.

The subjects on which CSC will take discovery will include at least Tele-Guia's conception, reduction to practice and any diligence leading to reduction to practice of the inventions claimed in the patents-in-suit, prosecution of the patents-in-suit, the scope and content of the prior art, Tele-Guia's knowledge of the prior art, Tele-Guia's other litigations concerning the patents in suit, the basis for Tele-Guia's infringement allegations, the market for the accused products/services; any licensing by Tele-Guia of the patents in issues or other patents or technology; any agreements concerning the patents-in-suit; the ownership of the patents-in-suit; Tele-Guia's financial information; and correspondence and/or the relationship between the parties.

Nothing herein is to be construed as an admission by either party that the discovery listed herein is relevant or properly obtainable in this action. All such objections are reserved to the time such discovery is formally requested.

**3.    Discovery limitations. Fed. R. Civ. P. 26(f)(3).**

The parties agree that the presumptive maximum number of interrogatories (25 including sub-parts) and fact depositions (10 per side) should control. The parties propose a limit of 50 requests for admission per side and a limit of 100 document requests per side. The parties further agree that the limit of ten (10) depositions per side shall apply to fact witnesses, including Rule 30(b)(6) designees, and that depositions of experts, if any, will not count toward the ten deposition maximum. Additionally, the parties agree to a maximum of 35 hours per side for Rule 30(b)(6) depositions. No deposition shall exceed seven (7) hours. As provided in Fed. R. Civ. P. 30 and the Advisory Committee Notes, in the event that either side identifies a special reason that it requires more than seven (7) hours to depose any specifically identified witness, the other side will make reasonable efforts to accommodate that request. The parties agree that claim and contention interrogatories may be served early in the discovery process as set forth below in Section B, below.

**4.    Other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c). Fed. R. Civ. P. 26(f)(4).**

The parties agree that a Protective Order pursuant to Rule 26(c) will be necessary to protect confidential business and/or technical information. The parties will agree upon a form Protective Order and submit it to the Court for consideration.

**B.    Deadlines and Court Appearances:**

| No. | Deadline/Event: | Date: |
|---|---|---|
| 1. | Deadline for exchange of initial disclosures. | November 30, 2007 |
| 2. | Claim and contention interrogatories may be served | December 7, 2007 |

| No. | Deadline/Event: | Date: |
|---|---|---|
| 3. | Plaintiff will identify a reasonable number of specific claims from each of the two patents-in-suit that it intends to assert. | March 7, 2008 |
| 4. | Deadline for joinder of additional parties. | April 11, 2008 |
| 5. | The parties will exchange, but not file, a list of terms that each believes must be construed. | May 7, 2008 |
| 6. | The parties are to exchange, but not file, their proposed constructions for the identified claim terms. | May 21, 2008 |
| 7. | The parties will work together to attempt to narrow the list of claims to be construed, and will provide a list of the remaining terms to be construed along with proposed constructions to the Court. | June 4, 2008 |
| 8. | Opening claim construction briefs to be served and filed simultaneously. | June 18, 2008 |
| 9. | Reply claim construction briefs to be served and filed simultaneously. | July 16, 2008 |
| 10. | *Markman* hearing (claim construction hearing). | To Be Set by Court |
| 11. | Deadline for amendment of pleadings. | August 6, 2008 |
| 12. | Close of fact discovery. All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery. | The later of December 12, 2008 or sixty (60) days after the Court issues its claim construction ruling. |
| 13. | Experts identified and exchange of expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on those issues on which a party bears the burden of proof. | The later of January 9, 2009 or four (4) weeks after event no. 11. |
| 14. | Rebuttal experts identified and exchange of rebuttal expert reports. | The later of February 6, 2009 or four (4) weeks after event no. 12. |
| 15. | Completion of expert discovery. | The later of March 6, 2009 or four (4) weeks after event no. 13. |
| 16. | Any party planning to make a dispositive motion must take the first action beginning the motion process by this date or risk forfeiting the right to make such a motion. | The later of April 3, 2009 or four (4) weeks after event no. 14. |
| 17. | A joint pre-trial order shall be submitted. | To Be Set by the Court |
| 18. | Pretrial Conference/Trial Ready Date. | To Be Set by the Court |

## II.    **Settlement**:

The parties conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. Although no settlement has been reached, the parties have agreed to continue to explore settlement of this dispute.

Tele-Guia and CSC are amenable to exploring reasonable alternative dispute resolution.


Dated: November 29, 2007


Respectfully submitted,                          Respectfully submitted,


By: _/s/ Robert B. Golden_____          By: _/s/ Benjamin Hershkowitz_____
Howard N. Aronson (HA 6743)              Benjamin Hershkowitz (BH 7256)
Robert B. Golden (RG 6157)                  Michael S. DeVincenzo (MD 2536)
LACKENBACH SIEGEL LLP                  Bradley W. Micsky (BM 9447)
One Chase Road                                   Charles Wizenfeld (CW 2004)
Scarsdale, NY 10583                            GOODWIN PROCTER LLP
Tel.: 914.723.4300                               599 Lexington Avenue
Fax: 914.723.4301                                New York, NY 10022
haronson@lsllp.com                            Tel.: 212.813.8800
rgolden@lsllp.com                              Fax: 212.355.3333
                                                          bhershkowitz@goodwinprocter.com
                                                          mdevincenzo@goodwinprocter.com
                                                          bmicsky@goodwinprocter.com
                                                          cwizenfeld@goodwinprocter.com


Attorneys for Plaintiff                          Attorneys for Defendant
Tele-Guia Talking Yellow Pages, Inc.     Cablevision Systems Corporation