EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- X
TELE-GUÍA TALKING YELLOW              :
PAGES, INC.                          :
                                     :
        Plaintiff,                   :
                                     :    Civil Case No.: 07-civ-3948-DLC
        v.                           :
                                     :    ECF CASE
CABLEVISION SYSTEMS                  :
CORPORATION and ABC COMPANY          :    TRIAL BY JURY DEMANDED
                                     :
        Defendants.                  :
-------------------------------------------------- X
```

### AMENDED COMPLAINT

Plaintiff, Tele-Guía Talking Yellow Pages, Inc. ("Tele-Guía" or "Plaintiff") by and through its attorneys, for its amended complaint against Defendant Cablevision Systems Corporation ("Cablevision") and ABC Company ("ABC" and collectively "Defendants"), hereby alleges as follows:

### NATURE OF ACTION

1.      In this action, Tele-Guía seeks injunctive relief, lost profits, damages, costs, and attorneys' fees for Defendants' acts of willful patent infringement.

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction of this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C §281 et seq., as more fully appears below.

3.      Upon information and belief, Defendants transacts business in New York and are within this judicial district, and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the offer of Defendants' infringing services,

have been and continue to be committed, and have caused harm to Plaintiff, within this judicial district.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

5.     Plaintiff, Tele-Guía Talking Yellow Pages, Inc. is a corporation duly organized and existing under the laws of the State of Puerto Rico, having a principle place of business in San Juan, Puerto Rico.  Tele-Guía is dedicated to commercial licensing of intellectual property rights, duly secured and registered, including patented inventions relevant to the infringement subject of this complaint.

6.     Upon information and belief, Cablevision is a corporation duly organized and existing under the laws of the State of Delaware, having corporate offices at 1111 Stewart Avenue, Bethpage, New York 11714-3581.

7.     Upon information and belief, ABC Company is a person or entity which provides goods and/or services to Cablevision in connection with the infringing services.

8.     Upon information and belief, ABC is doing business in New York and is subject to the jurisdiction of this Court.  The identity of such defendant is not presently known, and the amended complaint herein will be amended to include the name of the actual defendant when Cablevision provides the identity.

## GENERAL ALLEGATIONS

### The Patent

9.     Tele-Guía is the owner of U.S. Patent No. 5,187,735, filed on May 1, 1990 and issued on February 16, 1993 (hereinafter, the "'735 Patent") and U.S. Patent No.

EXHIBIT 1

5,479,491, filed on December 16, 1994 and issued on December 26, 1995 (hereinafter, the "'491 Patent", or collectively, the "Patents"). The inventions are the subject of the patents and the source of this complaint, and involve several applications and/or claims of the following devices and/or systems: INTEGRATED VOICE MAIL BASED VOICE AND INFORMATION PROCESSING SYSTEM.

10.    The Patents are valid and are in full force and effect.

11.    Tele-Guía is the record owner of the Patents.

**The Defendants**

12.    Without the authorization or consent of Tele-Guía, Cablevision makes, uses and/or sells a system that infringes the Patents (the "Infringing System").

13.    Tele-Guía, Cablevision, and ABC are engaged, at least in part, in the business of offering the same type of services, to the same class of customers, through the same channels of trade.

14.    Upon information and belief, ABC, via contract with Cablevision, makes, uses or sells services that infringe one or more claims of Plaintiff's Patents.

15.    From time to time, Cablevision makes available these phone numbers through which subscribers can order Pay Per View.  One of these such numbers is as follows: 1-800-885-PPV1.

16.    Defendants' actions, including the offer and promotion of services of the Infringing Systems, have injured and have interfered with Tele-Guía's relationships with suppliers, distributors, and customers.

EXHIBIT 1

## COUNT I
## PATENT INFRINGEMENT

17.     Tele-Guía repeats and realleges each and every allegation contained in the prior paragraphs.

18.     Tele-Guía is the owner of United States Patent Nos.: 5,187,735 and 5,479,491, which issued on February 16, 1993 and December 26, 1995, respectively, for an "integrated voice-mail based voice and information processing system."

19.     The Patents are valid and subsisting.

20.     Upon information and belief, Defendants are manufacturing, using, and/or offering services which infringe the Patents.

21.     Defendants are aware of the Patents, yet continue the infringing activities.

22.     Upon information and belief, Defendants' conduct and infringement of the Patents are willful and deliberate.

23.     Defendants' unlawful actions interfere with Tele-Guía's sales by unfairly diverting sales to Defendants.

24.     As a result of the diverted sales, Tele-Guía has suffered monetary damages.

25.     The acts of Defendants have caused irreparable harm and damage to Tele-Guía and have caused Tele-Guía to suffer monetary damages in an amount thus far not determined, but believed to be in excess of ten million dollars ($10,000,000.00).

26.     Based upon Defendants' acts of willful infringement, rendering this as an exceptional case, Tele-Guía is entitled to injunctive relief, monetary damages, treble damages, costs, and attorneys' fees.

## COUNT II
## INDUCEMENT TO INFRINGE THE PATENT

27.    Tele-Guía repeats and realleges each and every allegation contained in the prior paragraphs.

28.    By the actions plead in the foregoing paragraphs, Defendants are actively inducing others to use a service / system which infringes the Patents.

29.    Upon information and belief, Defendants are aware of the Patents and continue the inducing activities.

30.    Upon information and belief, Defendants' conduct and inducement to infringe the Patents are willful and deliberate.

31.    Defendants' unlawful actions have interfered and continue to interfere with Tele-Guía's sales, have unfairly diverted and continue to divert sales to Defendants, and have caused Tele-Guía monetary damages.

32.    The acts of Defendants have caused irreparable harm and damage to Tele-Guía and have caused Tele-Guía to suffer monetary damage in an amount thus far not determined, but believed to be in excess of ten million dollars ($10,000,000.00).

33.    Based upon Defendants' acts of willful infringement, rendering this an exceptional case, Tele-Guía is entitled to injunctive relief, monetary damages, treble damages, costs, and attorneys' fees.

**WHEREFORE**, Tele-Guía demands judgment against Defendants as follows:

A.    That Defendants' conduct willfully infringes the Patents in violation of 35 U.S.C. § 281 et seq.

B.      That Defendants and their agents, officers, directors, servants, employees, their successors and assignees, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly using or promotion any services / system that infringes one or more claims of the Patents.

C.      That the Court award judgment in favor of Tele-Guía for the damages sustained by Tele-Guía and the profits made by Defendants as a result of Defendants' wrongful conduct.

D.      That the Court award judgment in favor of Tele-Guía in the amount of treble damages.

E.      That the Court award punitive damages to Tele-Guía in the amount to be determined, but believed to be in excess of ten million dollars ($10,000,000.00).

F.      That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees.

G.      That the Court require a full and complete accounting of all monies received by Defendants as a result of the manufacture, sale, advertising, and distribution of the Infringing System, together with an order transferring to Tele-Guía any amount found to be due to it.

H.      That the Court declare this an exceptional case.

I.      For interest on all amounts found to be due to Tele-Guía from Cablevision, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

J.      That the Court order such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

EXHIBIT 1

K.    That the Court retain jurisdiction of this action for the purposes of enabling Tele-Guía to apply to the Court, at any time, for such further orders and directions may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

### TRIAL BY JURY DEMANDED

Plaintiff demands a jury trial of all issues so triable.

Dated:    January 25, 2008

Respectfully submitted,

LACKENBACH SIEGEL LLP

By:    _____

Howard N. Aronson (HA-6743)
Robert B. Golden (RG-6157)
One Chase Road
Scarsdale, New York 10583
(914) 723-4300
(914) 723-4301 fax

*Attorneys for Plaintiff Tele-Guía*

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the enclosed **AMENDED COMPLAINT** was served on Counsel for Defendants on January 25, 2008, via U.S. 1st Class Mail and electronic mail, addressed to Counsel for Defendants as follows:

Benjamin Hershkowitz, Esq.
Michael S. DeVincenzo, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
bhershkowitz@goodwinprocter.com
mdevincenzo@goodwinprocter.com


Dated: Scarsdale, New York
January 25, 2008


_____
Nicole Saraco