MEMO ENDORSED

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

January 24, 2008

**Via DHL**

Honorable Denise L. Cote
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 870
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/08
```

    *Re:  Tele-Guia Talking Yellow Pages, Inc. v. Cablevision Systems Corporation*
         *Case No.: 07-cv-3948-DLC*

Dear Judge Cote:

We are counsel to Plaintiff Tele-Guiá Talking Yellow Pages ("Tele-Guiá") in the above-entitled action. We submit this letter in reply to the January 7th and January 8th letters ("Defendant's Letters") of Defendant Cablevision Systems Corporation ("Cablevision"), which objected to Tele-Guiá's Motion To Admit Guillermo F. DeGuzmán-Vendrell ("Mr. DeGuzmán") *pro hac vice*.

**Defendant Cablevision Opposes This Motion as a Tactical Maneuver**: Even though Defendant Cablevision is aware of Mr. DeGuzmán's role as counsel-of-record in previous litigations and of the diversity of Mr. DeGuzmán's legal practice, Cablevision is opposing this motion for Mr. DeGuzmán's admission *pro hac vice* in order to deprive Plaintiff of the assistance of Plaintiff's longstanding counsel: "Motions to disqualify [analogized to oppositions to motions to admit *pro hac vice*] are subject to strict scrutiny because of their potential to be used for tactical purposes. See *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)." *Soberman v. Groff Studios Corp.*, 1999 U.S. Dist. LEXIS 8075 (S.D.N.Y. 1999). As the court stated in *SDG Corp. v. Nordstrom, Inc.*, 1992 U.S. Dist. LEXIS 10817, 3-4, 5-7 (D.N.Y. 1992), "Ordinarily, the opposing party consents as a matter of course to motions seeking admission of counsel *pro hac vice*. See *Leis v. Flynt*, 439 U.S. 438, 442; 99 S.Ct. 698, 700 (1979) (granting admission of counsel *pro hac vice* 'is a practice to be encouraged')."

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 2 of 7

**Mr. DeGuzmán Holds No Information Other than in His Role as Counsel for Tele-Guiá:**
"The party bringing the motion under DR 5-102(B) carries the burden to show both the necessity of the testimony and the substantial likelihood of prejudice... 'A finding of necessity takes into account such factors as the significance of the matters, the weight of the testimony, and the availability of other evidence. Testimony may be relevant and even highly useful but still not strictly necessary...'" *Soberman v. Groff Studios Corp.*, 1999 U.S. Dist. LEXIS 8075 (S.D.N.Y. 1999).

In the Soberman case, counsel for plaintiff was the sole witness to many of the relevant communications, was the only person to communicate with the defendants with respect to the disputes leading up to the lawsuit and moreover was the plaintiff's son. Likewise, in the Lamborn case, the attorney was "one of the principal architects of the partnership agreement" that was the basis for the lawsuit.

In the instant case, by contrast, Mr. DeGuzmán possesses information only in his role as an "outside" attorney for Tele-Guiá. Furthermore, Mr. DeGuzmán is not an employee of Tele-Guiá. Mr. DeGuzmán has acted as primary trial counsel-of-record for Tele-Guiá in a previous lawsuit related to the patents-in-suit in the instant case (see Civil Docket Sheet of Tele-Guía Talking Yellow Pages, Inc. v. Adelphia de Puerto Rico et al, Case No. 02-cv-01484-RLA (District Court of Puerto Rico), attached). He has a full practice of diverse clients besides and unrelated to Tele-Guiá. Mr. DeGuzmán has been admitted *pro hac vice* in the mainland United States for several clients in various litigations while having Tele-Guiá as a client. Mr. DeGuzmán's only knowledge as to the licensing arrangements proposed or secured by Tele-Guiá stems from prior negotiations and settlements in patent litigation. Mr. DeGuzmán is a "general counsel" for Tele-Guiá only in the sense that he does not represent Tele-Guiá in patent prosecution, for example, but rather handles litigation and more general matters.

**The Admission of Mr. DeGuzmán Would Not Frustrate the Intent of the Protective Order:**
In a case cited by Defendant Cablevision, *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 WL 16189689 (D. Del. 1994), the protective order in question was amended to provide that

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 3 of 7

any attorneys who had received confidential information could not prosecute patent applications for the defendant for a period after the conclusion of the trial.

In the instant case, Mr. DeGuzmán is not involved in patent prosecution for Tele-Guiá. His involvement with licensing issues is no different from that of any attorney who represents a patentee and is not a ground for denying the motion for admission of Mr. DeGuzmán *pro hac vice*.

**Mr. DeGuzmán's Admission Will Not Prevent Discovery**: In the case cited by Defendant Cablevision, *In re Subpoena Issued to Dennis Friedman*, 350 F. 3d 65 (2nd Cir. 2003), the court, in the context of a motion to quash a subpoena, rejected the Eighth-Circuit rule regarding the deposition subpoenas of attorneys, but did not rule on the matter because the attorney in question had consented to deposition.

In the instant case, Mr. DeGuzmán has been served in Puerto Rico and will move to quash the subpoena there. This Court might wish to refrain from ruling on the instant Motion to Admit *Pro Hac Vice* until the Motion to Quash has been heard and ruled upon, if indeed the issues appear to the Court to be related.

**The Interests of the Client in Representation Outweigh Any Speculative Injury and Militate in Favor of Admission of Mr. DeGuzmán *Pro Hac Vice:*** Numerous cases in this district and in the Second Circuit clearly support Tele-Guiá's Motion To Admit Mr. DeGuzmán:

1.  *SDG Corp. v. Nordstrom, Inc.*, 1992 U.S. Dist. LEXIS 10817, 3-4, 5-7 (D.N.Y. 1992) (manufacturer sued retailer and also opposed admission of Nordstrom's attorney *pro hac vice*, alleging that attorney would have to testify about preparation of fraudulent photocopy of contract purchase order in issue in lawsuit and therefore should be disqualified under DR 5-101(B); court held that attorney would be admitted *pro hac vice* because issue on which he would testify was collateral to underlying contract dispute: "This provision [DR 5-101] has been construed narrowly to apply only where the attorney 'has crucial information in his possession which must be divulged in the course of trial.'....Furthermore, courts are reluctant to disqualify an attorney and will do so only where failure to do so will 'tend to taint the underlying trial.'...DR 5-101 serves as a basis for

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 4 of 7

      precluding an attorney from representing his client only where the attorney is involved in the substantive actions underlying the litigation. ...");

2. ***Tolland Getty, Inc. v. Getty Petroleum Co.***, 1993 U.S. Dist. LEXIS 14212 (D. Conn. 1993) (Cabranes, J.) (motion to reconsider court's order granting motions to appear *pro hac vice* of plaintiff's attorney was denied because defendant failed to demonstrate that plaintiff's attorneys should be called as witnesses: "[Defendant] has failed to demonstrate that [plaintiff's attorney] 'ought' to be called as a witness within the meaning of [the rule]. [The attorney] serves no direct role in the operation of the plaintiff's business...*Rather, [plaintiff's attorney] has acted solely in the role of counsel for the plaintiff*. Thus, any knowledge that [plaintiff's attorney] possesses is no different from that which any attorney ordinarily would possess in preparation for litigation. Therefore, it is not clear that [plaintiff's attorney's] testimony could be 'significantly useful' at trial, nor that he 'ought' to be called as a witness...Accordingly, [the rule] does not bar [plaintiff's attorney]...from serving as co-counsel to the plaintiff under this court's order granting [the] motion to appear *pro hac vice*.");

3. ***Sec. Ins. Co. of Hartford v. Mendon Leasing Corp.***, 2002 U.S. Dist. LEXIS 20188 (D.N.Y. 2002) (Plaintiff's attorney attended hearing before agency about which he would have to testify; court held that attorney's testimony was cumulative and did not disqualify attorney: "District courts have broad discretion to disqualify attorneys, but it is a 'drastic measure' that is viewed with disfavor in this Circuit...Disqualification of counsel is subject to strict scrutiny since it 'impinges on parties' rights to employ the counsel of their choice' and because of the potential that a disqualification motion could be used as a tactical device...The Second Circuit has instructed district courts to take a 'restrained approach that focuses primarily on preserving the integrity of the trial process' when deciding disqualification motions...The availability of other witnesses to the negotiations who could testify reduces the necessity for [the attorney's] testimony and weighs against disqualification. Because [the attorney's] testimony is merely cumulative, the defendants have not met the heavy burden of proof needed to disqualify the plaintiff's counsel.");

# Lackenbach Siegel, LLP

INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 5 of 7

4. ***A.V. by Versace, Inc. v. Gianni Versace, S.P.A.***, 160 F. Supp. 2d 657, 664 (D.N.Y. 2001) (emphasis added) (Defendant moved to disqualify plaintiff's attorney because attorney allegedly had attended meeting evidence of which would be introduced at trial to establish that preliminary injunction had been violated; judge held that defendant had not shown that attorney's testimony was necessary because there might be other witnesses who could testify regarding meeting: "According to D.R. 5-102 (b), if a lawyer 'learns or it is obvious that the lawyer . . . may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client,' at which point the lawyer must withdraw…Motions to disqualify pursuant to D.R. 5-102 (b) are 'subject to particularly strict scrutiny'… In order to disqualify [the attorney it must be demonstrated] that [the attorney's] testimony is necessary, and that the testimony is 'substantially likely' to be prejudicial… For testimony to be 'prejudicial,' it must be 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the client might have an interest in the lawyer's independence in discrediting that testimony…*A finding of necessity should take into account such factors as the significance of the matters, the weight of the testimony, and the availability of other evidence*… Furthermore, testimony may be relevant and even highly useful, but still not strictly necessary.")

Other cases supporting admission include the following:

5. ***In re Galaxy Assoc.***, 114 B.R. 11 (Bankr. D. Conn. 1990) (construction partnership sued bank for surplus on construction project and moved to disqualify bank's attorneys because attorneys might be called as witnesses; court held that plaintiff was speculating only that testimony would contradict deposition testimony and denied motion to disqualify);

6. ***Ross v. Great Atlantic & Pacific Tea Co.***, 447 F. Supp. 406 (D.N.Y. 1978) (court held that prima facie case could be presented without lawyer's testimony and that remedial steps, such as using documentary evidence, could accommodate conflicting interests without disqualifying attorney; plaintiff had strong interest in retaining longstanding counsel);

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 6 of 7

7.  ***Paretti v. Cavalier Label Co.***, 722 F. Supp. 985 (D.N.Y. 1989) (Mukasey, J.) (emphasis added) (court denied plaintiff's motion to disqualify defendants' attorney because attorney's testimony regarding two meetings would be cumulative: "'When the rationale for a rule does not apply, neither, if possible, should the rule...(quoting Supreme Court Justice Sutherland)... If a contrary result were reached, *defendants' right to be represented by counsel of choice would be sacrificed and form would be elevated over substance and reason.*");

8.  ***NL Industries, Inc. v. Painewebber, Inc.***, 1990 U.S. Dist. LEXIS 3821 (D.N.Y. 1990) (court denied plaintiff's motion to disqualify defendant's law firm because possibility that defense firm attorney might testify was purely speculative, and because that testimony would not contravene policy behind Disciplinary Rules);

9.  ***Russo v. Friedman***, 1992 U.S. Dist. LEXIS 11418 (D.N.Y. 1992) (plaintiff's motion to disqualify defendant's counsel denied because plaintiff could not demonstrate that attorney's testimony would be prejudicial to his client; court also denied plaintiff's request to take attorney's deposition);

10. ***Ball v. A.O. Smith Corp.***, 321 B.R. 100 (D.N.Y. 2005) (court found that attorneys were not necessary witnesses, and court's finding not to revoke their *pro hac vice* admission was not abuse of discretion: "The proponent of disqualification bears a 'heavy burden' of proof to show that counsel's testimony is necessary").

# Lackenbach Siegel, LLP
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923

Honorable Denise L. Cote
United States District Court
For the Southern District of New York
January 24, 2008
Page 7 of 7

**Conclusion**: For the foregoing reasons, Tele-Guiá respectfully requests that this Court admit Mr. DeGuzmán *pro hac vice*.

Very truly yours,

**Lackenbach Siegel LLP**

_____
Eileen C. DeVries
For the Firm

EDV/ns

cc: Benjamin Hershkowitz, Esq. via DHL

*Denied.*

*Denise Cote*
*Jany 25, 2008*